IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| United States of America, | Criminal No. 3:15-cr-87-CMC |
|---|---|
| vs. | **OPINION AND ORDER** |
| Rasheen Weston,<br>　　　　Defendant. | |

This matter is before the court on Defendant's *pro se* motion for relief under 28 U.S.C. § 2255, filed March 12, 2019. ECF No. 89. On March 22, 2019, Defendant filed an affidavit in support of his motion. ECF No. 92. The Government filed a motion for summary judgment and response in opposition to Defendant's motion. ECF Nos. 93, 94. Pursuant to *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975), the court advised Defendant of the summary judgment procedure and the consequences if he failed to respond. ECF No. 95. Defendant filed a reply. ECF No. 97. This matter is now ripe for resolution.

**BACKGROUND**

On February 19, 2015, Defendant was charged in a one-count Indictment with possession of a firearm by a felon. ECF No. 2. Defendant entered into a Plea Agreement to plead guilty to the single count, but withdrew from it before entering his guilty plea. ECF Nos. 30, 31. On June 24, 2015, Defendant filed a "Motion for Pretrial Determination of Defendant's Status under 18 U.S.C. § 924(e)" seeking to determine whether he was exposed to enhanced penalties as an Armed Career Criminal. ECF No. 35. The Government filed an Information providing notice it would seek enhanced penalties under § 924(e) based on the following convictions: a 1991 conviction for Pointing and Presenting a Firearm, a 1992 conviction for Strong Armed Robbery, a 1996 conviction for Armed Robbery, and a 1996 conviction for Armed Robbery. ECF No. 42. The

Government also filed a response opposing Defendant's motion for pretrial determination of his Armed Career Criminal status. ECF No. 43. A hearing was held on the motion on July 15, 2015, at which the court explained it could not make a final ruling on the ACCA issue without a PreSentence Report ("PSR"), but noted it appeared Defendant would be an Armed Career Criminal based on "four countable ACCA convictions." ECF No. 73 at 22. Defendant thereafter entered into a Plea Agreement, preserving his right to appeal his ACCA status. ECF No. 51. He entered a guilty plea on August 18, 2015. ECF No. 52.

The PSR determined Defendant had the four qualifying predicate convictions for the Armed Career Criminal enhancement listed above. ECF No. 66 at ¶¶ 22, 26, 30. Defendant objected to these convictions qualifying as predicates for ACCA purposes. ECF No. 66-2.

On November 18, 2015, the court overruled Defendant's objection to his ACCA predicates and sentenced Defendant to 180 months' incarceration as an Armed Career Criminal. ECF No. 63. The Fourth Circuit Court of Appeals affirmed the judgment, as Defendant "has three[1] qualifying prior convictions to warrant his armed career criminal designation." *United States v. Weston*, 681 F. App'x 235, 238 (4th Cir. 2017). It also found Defendant's argument regarding not

---

[1] The court did not address Defendant's argument that his Pointing and Presenting conviction is not a violent felony under the ACCA, because it found his Strong Armed Robbery and Armed Robbery (2) convictions sufficient to qualify him as an Armed Career Criminal. Weston, 681 F. App'x at 237.

2

being represented by counsel for his Strong Arm Robbery conviction failed because Defendant was unable to overcome the presumption he was informed of his right to counsel as required and, if he was not represented, it was because he waived his right to counsel. *Id.* at 237-38. The instant § 2255 motion followed the appeal.

## DISCUSSION

In his § 2255 motion, Defendant argues Strong Armed Robbery is not a violent felony and does not meet the requirements to be an ACCA predicate offense. ECF No. 89 at 4. He also argues his Armed Robbery convictions are not "violent felonies for purposes of ACCA" because at the time of his conviction, the South Carolina statute read differently than the present statute. *Id.* at 5. Finally, he argues his convictions for Strong Armed Robbery and Pointing and Presenting should not be counted as ACCA predicates because "the record did not show that movant was afforded his Sixth Amendment Right to Counsel." *Id.* at 7.

In response, the Government argues the claims brought by Defendant were raised and denied on appeal, and no "countervailing equitable considerations exist to justify readjudication of those issues." ECF No. 94 at 4. Defendant filed a reply, noting he is abandoning all grounds except his argument regarding lack of counsel for his convictions for Strong Armed Robbery and Pointing and Presenting a Firearm. ECF No. 97. He argues there is no evidence showing he was afforded counsel or waived his right to counsel, and "per the United States Supreme Court 'presumption of a waiver from a silent record is impermissible.'" *Id.* at 2. He contends the

3

"complete silence regarding representation" should raise a presumption in his favor, instead of against him as ruled by the Fourth Circuit. *Id.* at 2-3.

"It is well-settled that a petitioner cannot circumvent a proper ruling . . . on direct appeal by re-raising the same challenge in a § 2255 motion." *United States v. Dyess*, 730 F.3d 354, 360 (4th Cir. 2013). Here, Defendant brings exactly the same claim raised in his appeal – that he did not receive the benefit of counsel in entering his guilty pleas to Strong Armed Robbery and Pointing and Presenting a Firearm[2], and therefore they cannot be considered predicate offenses for ACCA status. As noted above, the Fourth Circuit has directly ruled on this issue, and affirmed the district court's overruling of this argument. *Weston*, 681 F. App'x at 238.

Although Defendant argues the Fourth Circuit was incorrect in its ruling, the Appeals' Court decision is now "law of the case," and "must be followed in all subsequent proceedings in the same case in the trial court or on a later appeal unless: (1) a subsequent trial produces substantially different evidence, (2) controlling authority has since made a contrary decision of law applicable to the issue, or (3) the prior decision was clearly erroneous and would work manifest injustice." *TFWS, Inc. v. Franchot*, 572 F.3d 186, 191 (4th Cir. 2009). The Fourth Circuit has

---

[2] Although the Fourth Circuit did not consider this argument as to the Pointing and Presenting conviction, there is nothing in that opinion or the record that would differentiate it from the reasoning used regarding the Strong Armed Robbery conviction.

decided the very issue Defendant contests, and this court is bound by that decision unless the prior decision was "clearly erroneous and would work a manifest injustice." Such is not the case here.

Defendant has cited a United States Supreme Court case holding "presumption of a waiver from a silent record is impermissible." *Miranda v. Arizona*, 384 U.S. 436, 476 (1966). However, *Miranda* considered an individual's waiver of right to counsel in a custodial interrogation, not in a guilty plea. And although Defendant argues the Fourth Circuit "cited to no authority establishing such a presumption" that the state courts followed state law in offering trial/plea counsel, the Appeals Court did cite cases holding a "presumption of regularity. . . makes it appropriate for defendant to have burden of showing irregularity of final plea," and "uncorroborated, inconclusive, self-serving testimony about distant events was insufficient to carry burden of showing invalid prior conviction." *Weston*, 681 F. App'x at 237-38 (citing *Parke v. Raley*, 506 U.S. 20, 38-34 (1992) and *United States v. Jones*, 977 F.2d 105, 110-11 (4th Cir. 1992)). Therefore, there is no showing of an erroneous decision that would work a manifest injustice.

## CONCLUSION

For the reasons above, summary judgment for the Government is appropriate on all grounds. Defendant's motion is dismissed with prejudice.

5

## CERTIFICATE OF APPEALABILITY

The governing law provides that:

(c)(2) A certificate of appealability may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right.

(c)(3) The certificate of appealability . . . shall indicate which specific issue or issues satisfy the showing required by paragraph (2).

28 U.S.C. § 2253(c). A prisoner satisfies this standard by demonstrating that reasonable jurists would find this court's assessment of his constitutional claims is debatable or wrong and that any dispositive procedural ruling by the district court is likewise debatable. *See Miller-El v. Cockrell,* 537 U.S. 322, 336 (2003); *Slack v. McDaniel,* 529 U.S. 473, 484 (2000); *Rose v. Lee*, 252 F.3d 676, 683 (4th Cir. 2001). In this case, the legal standard for the issuance of a certificate of appealability has not been met. Therefore, a certificate of appealability is **denied**.

**IT IS SO ORDERED**.

s/Cameron McGowan Currie
CAMERON MCGOWAN CURRIE
Senior United States District Judge

Columbia, South Carolina
May 29, 2019